**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BOBBY JOE LYONES,** | ) | |
| **#2014-0621199,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00786-NJR** |
| | ) | |
| **I.D.O.C., LAWRENCE** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| **and UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Bobby Joe Lyones, who is currently confined at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections ("IDOC"), Lawrence Correctional Center ("Lawrence"), and various unknown doctors and a nurse ("unknown parties") who allegedly denied him adequate medical treatment for his vision loss. According to the complaint, Plaintiff was treated for vision problems during his incarceration at Lawrence in 2009, 2010, and 2014 (Doc. 1, pp. 4-5). Doctor Ross, an eye doctor at Lawrence, referred Plaintiff to Doctor Oak at Marion Eye Center in Mount Vernon, Illinois (*id*. at 4). Doctor Oak surgically replaced the lens in Plaintiff's left eye, but later realized that he used the wrong-sized lens. After Doctor Oak performed corrective surgery, Plaintiff suffered from a detached retina. Doctor Oak, or his partner, performed a third surgery to repair the detached retina.

Plaintiff believed that the third surgery was successful. But according to the complaint, it was not. Instead of restoring his vision, Plaintiff suffered further vision loss (*id*. at 5). He transitioned from reading glasses to bifocals.

In 2010, Plaintiff met with Doctor Omugah, a glaucoma specialist. Doctor Omugah told Plaintiff that he was blind in his right eye and had probably suffered from right-eye blindness for twenty years. The doctor also told Plaintiff that the stitches in his left eye "would be there for the rest of [Plaintiff's] life" (*id*.).

Plaintiff transferred to Dixon Correctional Center ("Dixon") in 2011 and was monitored by Doctor Hicks for the next two years. During this time period, Doctor Hicks sent him "across the street to an eye center," where the stitches in his left eye were removed because they were "starting to come out" (*id*.). As a result of this procedure, Plaintiff experienced a "lot of pain and suffering" (*id*.).

Following a transfer back to Lawrence, Plaintiff underwent his fourth eye surgery in October 2014. Doctor Ross referred Plaintiff to Doctor Omugah for the surgery, which took eight hours to perform and was also unsuccessful. Plaintiff suffered further vision loss and persistent eye pain. During a follow-up appointment at Stroger's Hospital in Chicago, Illinois, Plaintiff learned that "the surgery had failed" (*id*.). Although "they" attempted to treat him for a "few months," Plaintiff alleges that his vision continued to deteriorate, and his pain did not subside (*id*.). Plaintiff now requires the use of bifocals, dark shades, and a "blind man's cane" (*id*.). He suffers from headaches that include migraines.

In connection with these events, Plaintiff now sues the IDOC, Lawrence, and "unknown parties" including doctors and a nurse. In his request for relief, Plaintiff asks "to be compensated for all [his] pain and suffering while here at the **Cook County Jail**" (*id*. at 6) (emphasis added).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). For the reasons explained below, the complaint does not survive preliminary review under this standard and shall therefore be dismissed.

## Discussion

To facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* complaint into the following enumerated count:

**COUNT 1:    Defendants exhibited deliberate indifference to Plaintiff's serious medical needs when they failed to properly treat his left eye vision loss and associated pain.**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that the medical condition was sufficiently serious (*i.e.*, an objective standard), and state officials acted with deliberate indifference to the prisoner's health or safety (*i.e.*, a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The medical needs described in the complaint satisfy the objective standard for screening purposes. The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has recognized that vision loss associated with an untreated eye condition may satisfy the objective component of an Eighth Amendment claim. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Moreover, when the failure to treat a condition could "result in further significant injury or the unnecessary and wanton infliction of pain," the condition is also considered sufficiently "serious" to support an Eighth Amendment claim. *Id.* The allegations in the complaint suggest that Plaintiff's medical needs, which included problems with his left lens and a detached retina, were diagnosed by multiple medical professionals as requiring treatment and are therefore considered sufficiently "serious" to support an Eighth Amendment claim for screening purposes.

But the analysis of this claim does not end there. The allegations also must suggest that each defendant exhibited deliberate indifference to Plaintiff's serious medical needs. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). Neither negligence nor gross negligence satisfies this standard. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *accord Berry*, 604 F.3d at 440 ("Deliberate indifference is intentional or reckless conduct, not mere negligence."); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution."). The Court cannot analyze the subjective component of this claim because the statement of claim includes no allegations against the IDOC, Lawrence, or unknown parties.

The reason that plaintiffs, even those proceeding *pro se* for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff also cannot proceed with a claim for money damages against the IDOC because it is a state government agency. The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits against states in federal court for money damages. *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Accordingly, the IDOC shall be dismissed from this action with prejudice because the complaint fails to state a claim upon which relief may be granted against this defendant.

Likewise, Lawrence Correctional Center is not a "person" within the meaning of the Civil Rights Act. *See Will*, 491 U.S. at 71. It is a division of the IDOC and is also not subject to a § 1983 suit for money damages. *See Will*, 491 U.S. at 71. For this reason, Lawrence shall also be dismissed with prejudice.

The only other defendants named in this action are several "unknown parties," including "doctors" and a "nurse" (Doc. 1, pp. 1-2). The Court is perplexed by the generic designation for

these defendants in the case caption and list of defendants. The Court's confusion is based, in part, on the fact that Plaintiff never mentions these individuals by their generic designations in his statement of claim. Because Plaintiff has not referred to the unknown parties anywhere in his statement of claim, he has not adequately stated claims against these individuals or, for that matter, put them on notice of any claims he may have against them. For this reason, the unknown parties will be dismissed from this action without prejudice.

Instead, and even more perplexing, Plaintiff refers to numerous medical providers by name throughout the statement of claim without identifying any of them as defendants in the case caption. These individuals include Doctor Ross, Doctor Oak, Doctor Oak's partner, and Doctor Omugah. As a general rule, when parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif]ied] in the caption"). Accordingly, any claims against Doctor Ross, Doctor Oak, Doctor Oak's partner, and Doctor Omugah are considered dismissed without prejudice because these individuals are not named as parties to this action.

Finally, the Court notes that Plaintiff's request for relief focuses entirely on his treatment at Cook County Jail (*see* Doc. 1, p. 6). Plaintiff states, "I would like to be compensated for all my pain and suffering while here at the **Cook County Jail**" (*id.*) (emphasis added). This assertion calls into question the conduct giving rise to Plaintiff's claims.

Based on his request for relief, the Court cannot discern whether Plaintiff's claim focuses on his present denial of medical care at the Jail or his past treatment at Lawrence and/or Dixon.

If Plaintiff objects to the medical care he has received (or been denied) during his detention at Cook County Jail or Dixon Correctional Center, he should file a civil rights complaint pursuant to 42 U.S.C. § 1983 against those individuals who denied him proper medical care during his detention at those facilities. The proper venue for the action would the United States District Court for the Northern District of Illinois, not the Southern District of Illinois. If Plaintiff instead objects to the medical care he received (or was denied) during his incarceration at Lawrence, he should file a civil rights complaint pursuant to 42 U.S.C. § 1983 against those individuals who were responsible for his inadequate medical care in *this* district. Either way, Plaintiff shall be granted leave to file a First Amended Complaint that clarifies these matters, according to the instructions and deadline for doing so in the disposition below.

In summary, **Count 1** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted against the Illinois Department of Corrections and Lawrence Correctional Center. This claim shall be dismissed without prejudice for the same reason against the unknown parties. Finally, any claims against Doctor Ross, Doctor Oak, Doctor Oak's partner, and Doctor Omugah are considered dismissed without prejudice because these individuals are not named as parties to this action.

## Pending Motions

**Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Doc. 3)**

Plaintiff's IFP motion shall be addressed in a separate Order of this Court.

**Motion for Recruitment of Counsel (Doc. 4)**

Plaintiff's motion for attorney representation is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff indicates that he has been unable to recruit counsel on his own. He claims that he needs an attorney because he only has "some high school" education. Plaintiff cites no other impediments to proceeding *pro se*, such as language, writing, reading, cognitive, or mental health barriers.

The complaint is coherent, and Plaintiff does not indicate that he required assistance preparing it. The statement of claim is well-drafted. Plaintiff appears capable of organizing and communicating the factual allegations giving rise to his claim(s). He simply needs to draw a connection between the violation of his rights and each defendant, by describing what each named defendant did to deny him adequate medical care. Plaintiff has otherwise demonstrated an

ability to prepare and file pleadings; he filed the instant motion for attorney representation (Doc. 4) and an IFP motion (Doc. 3).

Given his demonstrated ability to represent himself, the Court is not persuaded that counsel should be recruited on Plaintiff's behalf at this time. The motion for attorney representation (Doc. 4) is therefore denied. The denial is without prejudice, however, and the Court remains receptive to the idea of recruiting counsel should Plaintiff wish to renew his request at any time after filing his amended complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED with prejudice** against Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS** and **LAWRENCE CORRECTIONAL CENTER** and against Defendant **UNKNOWN PARTIES** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that any claims against Doctor Ross, Doctor Oak, Doctor Oak's partner, and Doctor Omugah are considered **DISMISSED without prejudice** because these individuals are not named as parties in this action.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint in this case **on or before September 14, 2016**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint in this district for conduct that occurred during his incarceration at Lawrence Correctional Center, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 16-786-NJR) on the first page.

Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 10, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] If Plaintiff's pending IFP motion is denied, this fee will be $400.00. Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.